United States District Court
Southern District of Texas
**ENTERED**
March 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMARCUS DARNELL MORRIS, | § | |
| Inmate #02344883, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-871 |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| *Respondent.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, LaMarcus Darnell Morris (SPN #02344883), is a pretrial detainee confined at the Harris County Jail. Proceeding *pro se*, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to dismiss the criminal charges pending against him in Harris County because he has allegedly been denied a speedy trial and reasonable bail. (Dkt. 1). After considering the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the Court dismisses this petition for the reasons explained below.

---

[1]Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

## I.   BACKGROUND

Publicly available records show that Morris is currently in jail on multiple serious criminal charges. *See* www.hcdistrictclerk.com (last visited Mar. 21, 2023). On March 7, 2023, he filed a petition for a writ of habeas corpus, alleging that the state trial court is violating his constitutional rights by denying him a speedy trial and by holding him on excessive bail. (Dkt. 1, p. 7). He alleges that he has been ready for trial since 2020, but the court has refused to set the case for trial. (*Id.* at 3-4). He also alleges that his bail was set at $200,000 on two of his cases and $300,000 on the third case and that this is so high that it amounts to no bail. (*Id.*). Morris asks the Court to set aside the indictments against him and order that his bail be reduced. (*Id.* at 8).

## II.   DISCUSSION

### A.   Speedy Trial Violation

Morris first contends that the state trial court is violating his right to a speedy trial, and he asks this Court to order that the pending criminal charges against him be dismissed due to this violation.

While a state pretrial detainee may seek federal habeas relief under § 2241 for certain constitutional violations, the federal court's review of such petitions is limited to avoid unwarranted interference with the ongoing state-court criminal proceedings. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). To avoid

2

such interference, pretrial habeas relief is available in the context of an alleged speedy trial violation only to enforce the state's obligation to bring a defendant to trial promptly rather than to adjudicate the merits of an alleged violation. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Jud. Cir. Ct of Ky.*, 410 U.S. 484, 484 (1973). Therefore, the federal court will not "'disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial." *Dickerson*, 816 F.2d at 226 (quoting *Braden*, 410 U.S. at 489-92 (citation omitted)); *see also Gates v. Strain,* 885 F.3d 874, 882 (5th Cir. 2018) ("[T]he alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding."); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (petition seeking dismissal of criminal charges based on an alleged speedy trial violation is an attempt to assert an affirmative defense to a state criminal charge before a judgment of conviction, which is prohibited by a "long line of precedent").

The relief that Morris seeks here—dismissal of the indictments against him—is not available in a federal habeas corpus action filed by a state pretrial detainee to remedy an alleged speedy trial violation. To the extent that Morris's petition seeks relief on this basis, it is denied.

**B.     Excessive Bail Violation**

Morris also alleges that he is being held on excessive bail in violation of his

3

Eighth Amendment rights. Morris is not entitled to relief on this claim, both because he did not exhaust his available state remedies before filing his petition and because he has not alleged a constitutional violation.

### 1. Exhaustion

To be eligible to seek federal habeas relief, the state pretrial detainee must be "in custody" and must have exhausted his available state remedies. *See Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224. Publicly available records contain conflicting information as to whether Morris is currently detained in the Harris County Jail. *Compare* www.hcdistrictclerk.com (last visited Mar. 21, 2023), *with* www.harriscountyso.org (last visited Mar. 21, 2023). However, publicly available records clearly show that Morris has not exhausted his state remedies.

In Texas, a pretrial detainee who wants to challenge the amount of his bail may file an application for a state writ of habeas corpus raising the issue in the trial court in which he has been indicted. *See* TEX. CODE CRIM. PROC. §§ 11.08, 11.24; *see also Ex parte Gomez*, Nos. 01-20-00004-CR, 01-20-00005-CR, 2022 WL 2720459, at *2 (Tex. App.—Houston [1st Dist.] July 14, 2022, no pet.). If the trial court denies the application, the detainee may appeal to an intermediate appellate court and, if relief is denied by that court, he may then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Hargett*, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991) (en banc), superseded by statute on

other grounds as recognized in *Ex parte Villanueva*, 252 S.W.3d 391 (Tex. Crim. App. 2008); *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, pet. ref'd.).

Publicly available records show that Morris has filed several motions in the trial court seeking to reduce his bond. Even assuming that these motions were applications seeking habeas relief under Texas Code of Criminal Procedure § 11.24, Morris has not appealed the trial court's rulings denying relief to the intermediate appellate court. Instead, publicly available records show that the only proceeding Morris has filed in the intermediate appellate court is a petition for writ of mandamus raising his speedy trial claim. *See In re Morris*, Case Nos. 14-22-00857-CR, 14-22-00858-CR, 14-22-00859-CR, 14-22-00916-CR, 2023 WL 2179704 (Tex. App.—Houston [14th Dist.] Feb. 23, 2023, no pet.). And while it appears that Morris has tried to file habeas petitions in the Texas Court of Criminal Appeals, *see In re Morris*, Writ No. 94,362-02 (Tex. Crim. App. Jan. 11, 2023); *In re Morris*, Writ No. 94,362-04 (Tex. Crim. App. Feb. 22, 2023), that is not the proper procedure in Texas for seeking review of an order denying a reduction in bail. Accordingly, because Morris did not properly exhaust his state remedies before filing his federal habeas petition, his petition must be dismissed.

### 2.    Merits

Even if the records showed that Morris had exhausted his state remedies, he

5

does not allege a claim for which federal habeas relief is available. The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required." U.S. CONST. amend. VIII. "But a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement." *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) (citing *Pugh v. Rainwater*, 572 F.2d 1053 (5th Cir. 1978); *see also Wright v. State*, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding that a criminal defendant's inability to make bail does not render bail excessive). Determining "whether bail is excessive involves an assessment of whether the amount fixed is 'reasonably calculated' to assure the presence of the accused at trial." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972) (citing *Stack v. Boyle*, 342 U.S. 1, 5 (1951)). In addition, the setting of bail may further other compelling governmental interests, including protecting the public's safety. *See United States v. Salerno*, 481 U.S. 739, 751 (1987)).

Because the trial court has the responsibility for setting bail, the federal habeas court may not substitute its judgment for that of the state court when a pretrial detainee seeks review of allegedly excessive bail. *See Simon*, 454 F.2d at 165. Instead, "the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Id.* "While [a pretrial detainee's] constitutional rights

must be safeguarded, the states, which bear the brunt of law enforcement, are equally entitled to be free from unwarranted federal intrusion." *Id.* at 166.

Morris does not allege facts showing that the state trial court acted arbitrarily in setting his bail. Instead, he argues only that the bail is excessive because he cannot afford to pay it. This allegation is insufficient to entitle Morris to federal habeas relief on a claim of excessive bail. Accordingly, even if Morris had exhausted his state remedies as to this claim, his petition would be denied on the merits.

## III. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Morris's petition of writ of habeas corpus, (Dkt. 1), is **DISMISSED with prejudice**.

2. All pending motions are **DENIED** as moot.

3. No certificate of appealability will be issued. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

The Clerk shall send a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____*Mar 23*_____, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

7